Filed 1/27/25  P. v. Zamora-Canada CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099995 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE021333) |
| v. | |
| GERMAN ZAMORA-CANADA, | |
| Defendant and Appellant. | |

Defendant contends the trial court erred by selecting an upper term sentence for his attempted murder conviction based on aggravating facts that were not proven to a jury, in violation of Penal Code[1] section 1170, subdivision (b)(2) and the Sixth Amendment to the United States Constitution.  Defendant has not disputed the truth of any of these aggravating facts, which were proven by certified records from the

---

[1]     Undesignated statutory references are to the Penal Code.

1

Department of Corrections and Rehabilitation. Accordingly, we "conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify [the] upper term sentence." (*People v. Lynch* (2024) 16 Cal.5th 730, 768.) Hence, the error was harmless and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, a jury found defendant guilty of second degree murder, attempted murder, and possessing a firearm having been convicted of a felony. The jury also found true allegations that defendant personally and intentionally discharged a firearm causing great bodily injury in the commission of the murder and the attempted murder. In a bifurcated proceeding, the trial court found that defendant was previously convicted of assault with a firearm and robbery, both of which are serious felonies within the meaning of the "Three Strikes" law. The trial court originally sentenced defendant to a determinate term of 19 years four months and an indeterminate term of 80 years to life in prison. On appeal, this court affirmed defendant's convictions but vacated his sentence and remanded for resentencing. (*People v. Zamora-Canada* (Nov. 18, 2022, C090890) [nonpub. opn.].)

On remand, defendant filed a brief arguing the trial court could no longer select an upper term sentence for attempted murder because no aggravating circumstances had been proven in accordance with the recently amended sentencing statute. The prosecution argued that the trial court could consider aggravating facts in defendant's criminal history, which could be proven by certified records, to impose an upper term sentence in compliance with the statute and therefore the Sixth Amendment to the United States Constitution.

At the resentencing hearing, the trial court denied defendant's requests to strike the prior serious felony convictions and the firearm enhancements. The prosecution asked the court to impose an upper term sentence for attempted murder. The parties then discussed how the prosecution could prove the aggravating facts needed to impose the

upper term sentence.  The court suggested that the factors in rule 4.421(a) of the California Rules of Court[2] would need to be proven to a jury, but the factors in rule 4.421(b) could be proven in a court trial.  Defense counsel objected and argued that any factors not proven at the initial sentencing hearing could not be proven at the resentencing hearing.  The court suggested holding a court trial on the relevant factors in rule 4.421(b), to which defense counsel responded, "I would just submit it on that basis, because for all practical purposes, whether he gets the mid[dle ]term or the upper term on that count, it's not going to affect his life."

The trial court then reviewed the certified records provided by the prosecution and found the following facts true beyond a reasonable doubt:  (1) Defendant absconded twice while on parole in 2016; (2) defendant committed murder and attempted murder while on parole in 2016; and (3) defendant served a prior prison term for assault by means likely to produce great bodily injury.  The court imposed a determinate term of 19 years four months and an indeterminate term of 80 years to life in prison, including the upper term of nine years for attempted murder.  The court indicated it imposed the upper term sentence based on three aggravating factors, which outweighed the mitigating circumstances:  (1) Defendant had served a prior prison term (rule 4.421(b)(3)); (2) defendant was on parole when he committed the crime (rule 4.421(b)(4)); and defendant's prior performance on parole was unsatisfactory (rule 4.421(b)(5)).

Defendant appeals.

DISCUSSION

Defendant contends the trial court erred by selecting an upper term sentence for his attempted murder conviction because the aggravating facts that the court relied on were not proven to a jury, in violation of section 1170, subdivision (b)(2) and the Sixth

---

**2**    Undesignated rule references are to the California Rules of Court.

3

Amendment to the United States Constitution. The People concede that the law entitled defendant to a jury trial on the aggravating facts but contend the error was harmless. We agree with the People.

Section 1170, subdivision (b) "prohibit[s] imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' " (*People v. Lynch*, *supra*, 16 Cal.5th at p. 742.) Likewise, under the Sixth Amendment to the United States Constitution, "Only a jury may find ' "facts that increase the prescribed range of penalties to which a criminal defendant is exposed," ' " aside from prior convictions. (*Erlinger v. United States* (2024) 602 U.S. 821, 833; *id*. at p. 838.) Thus, under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, at p. 768.) "The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Ibid*.)

Here, the parties agree the trial court erred by holding a court trial, rather than a jury trial, to determine that: (1) defendant absconded twice while on parole in 2016; (2) defendant committed murder and attempted murder while on parole in 2016; and (3) defendant served a prior prison term for assault by means likely to produce great bodily injury. But defendant did not dispute these facts in the trial court, and he does not dispute them on appeal. Defendant's only argument for remand relies on cases that caution against speculation when a trial court was not " 'fully aware of the scope of its discretionary powers' " because a subsequent change in the law had retroactively "fundamentally altered the trial court's sentencing discretion." (*People v. Lynch*, *supra*,

4

16 Cal.5th at pp. 777, 772; see also *id*. at pp. 770-774.)  No such retroactive changes to the trial court's discretion have occurred in this case.  Instead, we have undisputed facts proven by certified records provided by the official legal custodian of those records.  In these circumstances, we can conclude beyond a reasonable doubt that a jury would have found true all the aggravating facts relied upon by the trial court to justify an upper term sentence.  Accordingly, we affirm defendant's sentence.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, J.

We concur:

/s/
EARL, P. J.

/s/
DUARTE, J.